**John GALANTE, Petitioner**

v.

**DEPARTMENT OF BANKING, OFFICE OF CREDIT UNIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 2011.

Decided Nov. 18, 2011.

F. Emmett Fitzpatrick, III, Blue Bell, for petitioner.

Linda Carroll, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and BROBSON, Judge and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Petitioner John Galante (Galante) petitions for review of an order of the Executive Deputy Secretary of Banking, dated April 14, 2011, which permanently prohibits Galante from working in any capacity for any credit union under the supervision of the Department of Banking (Department) pursuant to Section 503 of the Credit Union Code (Code), 17 Pa.C.S. § 503.[1] For the reasons that follow, we affirm the Executive Deputy Secretary's order.

1. Section 503 of the Code provides in pertinent part:

(a) General rule.—Credit unions shall be under the supervision of the department. The department is hereby authorized and empowered to issue general rules and regulations and specific orders for the protection of members of credit unions, for insuring the conduct of the business of credit unions on a safe and sound basis and for the effective enforcement of this title.... (a.1) Fines, removals, prohibition, suspension.—for any violation of this title or regulation issued pursuant to this title or any final order issued by the department under this title or any unsafe or unsound practice or breach of fiduciary duty involving a credit union, the department may take any one or more of the following actions:

(1) The department may impose a civil penalty of up to $10,000 for each violation of this title against a credit union or any director, officer, committee member, employee, volunteer or agent of a credit union.

(2) The department may immediately suspend any director, officer, committee member, employee, volunteer or agent of a credit union from his or her position at a credit union and from any further participation in the conduct of the affairs of the credit union, if in the opinion of the department the credit union or its members have suffered or may suffer any significant financial harm or other prejudice. To suspend a person pursuant to this paragraph, the department shall provide a notice containing a statement of the facts constituting grounds for removal and shall indicate a time and place for a hearing. The hearing shall be fixed for a date between 30 days and 60 days from the date of service of notice unless an earlier or later date is set by the department at the request of the person.

(3) The department may remove any director, officer, committee member, employee, volunteer or agent of a credit union from his or her position at a credit union and prohibit him or her from participating in the conduct of the affairs of the credit union in any manner for such time as the department deems appropriate.

(4) The department may prohibit any director, officer, committee member, employee, volunteer or agent of a credit union under the jurisdiction of the de-

This matter was initiated on January 26, 2009, when the Department issued an order suspending Galante as Chief Executive Officer (CEO) of Boeing Helicopters Credit Union (BHCU), effective immediately, pending a hearing to determine whether Galante should be permanently removed from his position at BHCU and whether Galante should be prohibited from working in any capacity for any credit union under the Department's supervision in the future. (Reproduced Record (R.R.) at 5a–13a.) [2] Importantly, BHCU terminated Galante on January 21, 2009. (R.R. at 31a.)

On May 28, 2009, Galante filed a Motion to Dismiss Action for Lack of Jurisdiction with the Department (first motion to dismiss). Noting that the Department's regulatory authority is limited under Section 503(a.1) of the Code to "any director, officer, committee member, employee, volunteer or agent of a credit union," Galante argued that the Department lacked jurisdiction because BHCU terminated him prior to the Department's issuance of the January 26, 2009 order. In other words, Galante maintained that the Department lacked jurisdiction to issue any orders against him because he no longer held a position with a credit union under the Department's supervision.

On September 14, 2009, the hearing officer certified the jurisdictional question to the Executive Deputy Secretary for consideration and disposition pursuant to 1 Pa.Code § 35.187(8). [3] (R.R. at 32a–39a.) The Executive Deputy Secretary did not immediately respond to the hearing officer's certified question, prompting the Department to file a motion to schedule a hearing on December 7, 2009. The Department argued that the Executive Deputy Secretary's failure to rule on the certified question constituted a denial of Galante's first motion to dismiss. (Original Record (O.R.), Item 44.) By order dated December 24, 2009, the hearing officer scheduled a hearing for January 27, 2010. (O.R., Item 45.) In response, Galante filed a Second Motion to Dismiss Action for Lack of Jurisdiction (second motion to dismiss) on January 7, 2010, arguing that even if the Executive Deputy Secretary's failure to rule on the certified question constituted a denial of his first motion to dismiss, it could not provide the Department with jurisdiction. [4] (R.R. at 40a–41a.) Thereafter, on January 13, 2009, the Executive Deputy Secretary responded to the certified question, denying Galante's first motion to dismiss and directing the hearing officer to schedule a hearing on the merits. (R.R. at 45a–56a.) The Executive Deputy Secretary determined that the Department did not have authority to suspend and remove Galante under Sections 503(a.1)(2) and (3) of the Code, respectively, due to the fact that

partment from working in any capacity in any and all credit unions for such time as the department determines to be appropriate.

2. On January 27, 2009, the Secretary of Banking designated Victoria A. Reider, Executive Deputy Secretary of Banking, as the adjudicator for this matter. (R.R. at 170a.) On January 28, 2009, Executive Deputy Secretary Reider designated Jackie Wiest Lutz, Esq., as hearing officer. (*Id.*)

3. 1 Pa.Code § 35.187(8) provides:

Presiding officers designated by the agency head to preside at hearings shall have the authority, within the powers and subject to the regulations of the agency, as follows:

. . . .

(8) Within their discretion, or upon direction of the agency head, to certify any question to the agency head for consideration and disposition by the agency head.

4. By order issued January 11, 2010, the hearing officer denied Galante's second motion to dismiss. (O.R., Item 47.)

BHCU had already terminated Galante, but that the Department had authority to prohibit Galante from working in any capacity for any credit union under the Department's supervision pursuant to Section 503(a.1)(4) of the Code. (R.R. at 52a–56a.)

On January 19, 2010, Galante filed an Emergency Application Pursuant to Pa. R.A.P. 1702(b) for Stay of Hearing Ancillary to Petition for Review (emergency application for stay) with this Court. (R.R. at 173a.) By order dated January 26, 2010, Senior Judge Rochelle S. Friedman denied Galante's emergency application for stay. (R.R. at 118a.) Galante then filed a motion with the Department, formally requesting that the Department certify the jurisdictional question to this Court. (R.R. at 57a.) By order issued February 1, 2010, the Executive Deputy Secretary denied Galante's request. (R.R. at 59a–62a.) Finally, Galante filed a Petition for Permission to Appeal Interlocutory Decision Regarding Jurisdiction (petition for permission to appeal) with this Court. (R.R. at 63a–69a.) By order dated March 25, 2010, Senior Judge Barry F. Feudale denied Galante's petition for permission to appeal. (R.R. at 124a.)

Thereafter, the hearing officer held a hearing on May 3, 2010, at which Galante failed to appear. By order issued May 5, 2010, the hearing officer entered default judgment against Galante for his failure to appear at the May 3, 2010 hearing and deemed admitted for purposes of final adjudication the Department's factual allegations. (R.R. at 125a.) The hearing officer issued a proposed report on July 12, 2010. (R.R. at 127a–59a.) On August 9, 2010, Galante filed exceptions to the hearing officer's proposed report, again challenging the Department's jurisdiction. (R.R. at 162a–67a.) Galante took exception to "every proposed Finding of Fact and Conclu-

sion of Law made by [the hearing examiner] in her Proposed Report on the grounds that she had no lawful authority to make any of them." (R.R. at 164.) By order dated April 14, 2011, the Executive Deputy Secretary denied Galante's exceptions and adopted the hearing officer's proposed report, "permanently prohibit[ing] [Galante] from working in any capacity in any credit unions under the jurisdiction of the [Department] pursuant to [Section] 503(a.1)(4) [of the Code]." (R.R. at 178a.) In so ruling, the Executive Deputy Secretary determined that the issue of the Department's jurisdiction had already been decided and that Galante waived his right to challenge the hearing officer's proposed report by failing to attend the May 3, 2010 hearing. (R.R. at 177a.) This petition for review followed.

The only issue Galante raises on appeal is whether the Department has jurisdiction under Section 503(a.1)(4) of the Code to prohibit him from working in any capacity for any credit union under the Department's supervision. Galante argues that the Department lacks jurisdiction because he is no longer a "director, officer, committee member, employee, volunteer or agent of a credit union." Section 503(a.1)(4) of the Code. We disagree.

Senior Judge Friedman previously addressed Galante's jurisdictional argument in response to Galante's January 19, 2010 emergency application for stay. Determining that Galante was not entitled to a stay because Galante failed to make a substantial case on the merits, Senior Judge Friedman reasoned:

> In *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983), our supreme court held that appellate courts have discretion to grant a stay pending appeal if: (1) the petitioner makes a substantial case on the merits;

(2) the petitioner has shown that without the requested relief, he will suffer irreparable injury; (3) the issuance of a stay will not substantially harm other interested parties in the proceedings; and (4) the issuance of a stay will not adversely affect the public interest.

As to Galante's case on the merits, Galante argues that the [Department] lacks jurisdiction to prohibit him from working in any capacity in any and all credit unions under [S]ection 503(a.1)(4) of the [Code] . . . because he is no longer the CEO of BHCU. In considering this issue, we are guided by *In re Melograne,* 571 Pa. 490, 812 A.2d 1164 (2002).

In *Melograne,* our supreme court considered whether the Court of Judicial Discipline could discipline a former justice of the peace pursuant to a constitutional provision that authorizes that court to discipline a "justice, judge or justice of the peace." Our supreme court stated that the question as to whether the Court of Judicial Discipline may discipline a judicial officer following his resignation from office challenges the tribunal's power, **not** the tribunal's jurisdiction. The court then noted that it would be in opposition to the role of the Court of Judicial Discipline to hold that the tribunal could not discipline a former judicial officer. *Id.*

Here, there can be no question that the [Department] has **jurisdiction** to determine whether people should be prohibited from working in credit unions. *See* [S]ection 503(a) of the Code . . . . The question is whether the [Department] has **power** under [S]ection 503(a.1)(4) to prohibit a former CEO from working in a credit union. Because Galante questions the [Department]'s jurisdiction rather than its power, Galante has not made a substantial case on the merits of his appeal.

Even if Galante had properly raised a question as to the power of the [Department] to impose a [Section] 503(a.1)(4) [of the Code] sanction on a former CEO, we would hold that the [Department] has such power. Section 503(a.1) [of the Code] provides, in pertinent part, as follows:

> For any violation of this title or regulation issued pursuant to this title or any final order issued by the [Department] under this title or any unsafe or unsound practices or breach of fiduciary duty involving a credit union, the [Department] may take any one or more of the following actions:
>
> . . . .
>
> (4) The [Department] may prohibit any director, officer, committee member, employee, volunteer or agent of a credit union under the jurisdiction of the [Department] from working in any capacity in any and all credit unions for such time as the [Department] determines to be appropriate.

17 Pa.C.S. § 503(a.1). The provision is ambiguous as to whether the [Department] has power to impose the prohibition on former CEOs. Indeed, it is reasonable to construe the provision to mean that the [Department] may sanction persons who violated the law or breached their fiduciary duty while they were a "director, officer, committee member, employee, volunteer or agency" of a credit union.

In ascertaining the intention of the General Assembly, we presume that the General Assembly did not intend a result that is impossible of execution. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1). If [S]ection 503(a.1)(4) [of the Code] did not apply to former CEOs, then it would be impossible for the [Department] to impose the sanction; a

CEO could always resign prior to the [Department]'s imposition of the sanction.

Moreover, when the words of a statute are not explicit, we may ascertain the intention of the General Assembly by considering the mischief to be remedied, the object to be attained and the consequences of a particular interpretation. Sections 1921(c)(3), 1921(c)(4) & 1921(c)(6) of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1921(c)(3), 1921(c)(4) & 1921(c)(6). The mischief to be remedied, and the object to be attained, by [S]ection 503(a.1)(4) [of the Code] is to prevent those who have violated the law or breached their fiduciary duty from working in any credit union. This mischief cannot be remedied, and the object cannot be attained, if the [Department] cannot sanction former CEOs. In addition, the consequence of construing [S]ection 503(a.1)(4) to be inapplicable to former CEOs is that CEOs who deserve the penalty can easily escape it.

*Galante v. Dep't of Banking* (No. 83 C.D. 2010, filed January 28, 2010) (emphasis in original) (footnotes omitted). Although we are not bound by Senior Judge Friedman's single-judge opinion,[5] we find its reasoning persuasive.

Accordingly, we affirm the Executive Deputy Secretary's order.

### ORDER

AND NOW, this 18th day of November, 2011, the order of the Executive Deputy Secretary of Banking, dated April 14, 2011, is hereby AFFIRMED.

---

**5.** Section 414 of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 67.55, provides, in pertinent part: "A single-judge opinion of this court, even if reported, shall be cited only for its persuasive value, not as a binding precedent."